# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

ALFONSO PERCY PEW,

    Plaintiff,

v.                                             Civil Action No. **3:16CV84**

BRUCE SIMMONS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Pennsylvania inmate, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges that he has been subject to various harsh conditions during his incarceration in Pennsylvania correctional facilities. Plaintiff names as Defendants, Bruce Simmons and Unknown Doe, psychologists who have treated Plaintiff during his incarceration in Pennsylvania, and the company they work for, Mental Health Management, apparently headquartered in Vienna, Virginia.

## II. ANALYSIS

### A. Mental Health Management

To the extent that Plaintiff names Mental Health Management in order to attempt to create appropriate venue in the Eastern District of Virginia, he fails to allege facts indicating that he was subjected to harsh conditions of confinement in the Pennsylvania prison due to some policy of Mental Health Management.

"[A] private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted).

> A policy or custom for which a [corporation] may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (second alteration in original) (quoting *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)). Here, Plaintiff has made no effort, as he must, "to identify the offending [corporate] policy [or custom] with precision." *Carter*, 164 F.3d at 218. Because, Plaintiff fails to identify any policy, much less a specific policy or custom of Mental Health Management that has deprived him of his constitutional rights, he fails to state a claim for relief. Accordingly, the Court will DISMISS any claim against Mental Health Management.

### B. Improper Venue

Plaintiff states that Defendants Simmons and Doe are psychologists who have treated him during his incarceration in Pennsylvania. These Defendants do not reside in Virginia. The Court also notes that despite having three strikes under the Prison Litigation Reform Act, Plaintiff

currently has ongoing or recent litigation in the United States District Court for the Middle District of Pennsylvania from his incarceration in that district. *See, e.g., Pew v. Boggio*, No. 3:15-CV-1042, 2016 WL 704955 (M.D. Pa. Feb. 23, 2016). It appears that the remaining Defendants, Simmons and Doe presumably reside within the Western District of Pennsylvania and all the events pertaining to the lawsuit occurred in the Western District of Pennsylvania. Thus, pursuant to 28 U.S.C. § 1391(b), the proper venue for this action is in the Western District of Pennsylvania, and is not in the Eastern District of Virginia. Accordingly, pursuant to 28 U.S.C. § 1406(a), this action will be transferred to the Western District of Pennsylvania.

### III. CONCLUSION

Plaintiff's claims against Mental Health Management will be DISMISSED. The action will be TRANSFERRED to the United States District Court for the Western District of Pennsylvania.

An appropriate Order shall issue.

Date: 3/16/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge