# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO PERCY PEW, | ) | |
| | ) | Civil Action No. 16 – 60E |
| Plaintiff, | ) | |
| | ) | District Judge David S. Cercone |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| BRUCE SIMMONS and UNKNOWN | ) | |
| DOE | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

For the following reasons, it is respectfully recommended that the Order dated April 7,

2016, which granted Plaintiff's motion for leave to proceed *in forma pauperis*, (ECF No. 7) be

vacated.  It is further recommended that Plaintiff's motion for leave to proceed *in forma pauperis*

(ECF No. 2) be denied in accordance with 28 U.S.C. § 1915(g), and that this action be dismissed

without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.[1]

### II.     REPORT

Plaintiff, Alfonso Percy Pew, is a prodigious and prodigiously unsuccessful *pro se*

litigant.  Indeed, the computerized dockets of the United States Federal Courts reveal that

Plaintiff has initiated over fifty (50) cases in United States District Courts and at least twenty-

---

[1] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00.  This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. However, the $50.00 administrative fee does not apply to prisoner cases filed *in forma pauperis* under 28 U.S.C. § 1915, but if Plaintiff wishes to proceed with this matter then he is subject to the administrative fee for the reasons outlined in this Report and Recommendation.

five (25) appeals in the United States Court of Appeals for the Third Circuit. Those dockets

further reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of

28 U.S.C. § 1915(g), which prohibits him from proceeding *in forma pauperis* unless he is under

imminent danger of serious bodily harm.

Despite history of litigative failure, Plaintiff has filed yet another *pro se* complaint, (ECF

No. 1), alleging, *inter alia*, that he has been subjected to various harsh conditions of

confinement. Plaintiff has not paid the filing fee and seeks to proceed *in forma pauperis*. (ECF

No. 2.) However, Plaintiff has had three or more prior cases dismissed as frivolous.[2] (ECF No.

1-2.) For the reasons set forth below, Plaintiff has not sufficiently alleged or shown that he is in

imminent danger of serious bodily harm such that he can proceed *in forma pauperis* under 28

U.S.C. § 1915(g). Therefore, given the undisputed fact that Plaintiff has filed more than three

frivolous and meritless complaints in the past, he should not be permitted to proceed *in forma*

*pauperis* in this action.

---

[2] The following actions filed by Plaintiff while *in forma pauperis* were dismissed by the United States District Court for the Eastern District of Pennsylvania as frivolous: Pew v. Cox, Civil No. 93-4128 (E.D. Pa.) (order entered Aug. 20, 1993); Pew v. Clark, Civil No. 94-4813 (E.D. Pa.) (order entered Aug. 19, 1994); Pew v. Pavicic, Civil No. 94-4821 (E.D. Pa.) (order entered Aug. 19, 1994).

The following appeals filed by Plaintiff while *in forma pauperis* were dismissed by the Third Circuit as frivolous: Pew v. Cox, C.A. No. 93-2041 (3d Cir.) (order entered March 31, 1994); Pew v. Casner, C.A. No. 95-7176 (3d Cir.) (order entered July 31, 1995); Pew v. Love, C.A. No. 96-7314 (3d Cir.) (order entered Oct. 24, 1996).

The Third Circuit Court of Appeals has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included in the amount of strikes under section § 1915(g). *See* Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

## A. **28 U.S.C. § 1915(g) – The Legal Standard**

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates who seek leave to proceed *in forma pauperis*. 28 U.S.C. § 1915A. One aspect of this review, a review "designed to filter out the bad claims and facilitate consideration of the good," Jones v. Bock, 549 U.S. 199, 204 (2007), entails ensuring that inmates who have abused this privilege in the past are not permitted to persist in further *in forma pauperis* litigation. Towards that end, Congress enacted 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless a prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests." Abdul-Akbar v. McKelvie, 239 F.3d 307, 318-19 (3d Cir. 2001). With this goal in mind, it is well-settled that, "generally, a prisoner may not be granted IFP [*in forma pauperis*] status, if, on three or more occasions, he brought an action that was dismissed as frivolous," Brown v. City of Philadelphia, 331 F. App'x 898, 899 (3d Cir. 2009), and inmates who attempt to bring such lawsuits *in forma pauperis* should have their complaints dismissed. Id.

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under § 1915(g), we look to the status of the plaintiff's prior litigation history at the time he filed the current lawsuit. Thus, only dismissals which were actually ordered at the

time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. *See* Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996)." Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007). However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of § 1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g). *See* Adepegba v. Hammons, 103 F.3d 383 (5th Cir.1996); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996); Green v. Nottingham, 90 F.3d 415 (10th Cir.1996)." Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

The grounds of dismissal cited by the court in its dismissal orders are also significant in this setting. Section 1915(g) provides that the preclusive effect of this three strikes rule only applies where each of the prior cases "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. Focusing on this statutory text, courts have held that a "dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim." Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014). Similarly, a dismissal of an action "based on the immunity of the defendant, whether absolute or qualified, does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes that the complaint reveals the immunity defense on its face and dismisses the

unexhausted complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal

is frivolousness." Id. at 463.

Furthermore, case law construing §1915(g) requires clarity regarding the grounds of

dismissal before a dismissal order may count as a strike against a prisoner plaintiff.  As the

United States Court of Appeals for the Third Circuit has observed: "a strike under § 1915(g) will

accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,'

'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule

that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28

U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(I), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal

Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013).  Thus, a

summary judgment dismissal of an action typically will not count as a strike under §1915(g),

unless the summary judgment decision, on its face, dismissed the action as frivolous malicious or

for failure to state a claim.  Parks v. Samuels, 540 F. App'x 146, 150 (3d Cir. 2014) citing

Blakely v. Wards, 738 F.3d 607 (4th Cir.2013) (*en banc*).

Further, by its terms, § 1915(g):

[S]peaks of possible strikes only in terms of "an action or appeal ... that was
dismissed" on one of the enumerated grounds, 28 U.S.C. § 1915(g).  Thus,
"[u]nder the plain language of the statute, only a dismissal may count as a strike,
not the affirmance of an earlier decision to dismiss." Jennings v. Natrona Cnty.
Det. Center Med. Facility, 175 F.3d 775, 780 (10th Cir.1999).  Also, . . . , "[t]he
choice of the word 'dismiss' rather than 'affirm' in relation to appeals was
unlikely an act of careless draftsmanship," but rather may be "most plausibly
understood as a reference to section 1915(e)(2), which requires the court to
'*dismiss* the case at any time if the court determines that ... the action or *appeal* ...
is frivolous or malicious; [or] fails to state a claim on which relief may be
granted.'" Thompson, 492 F.3d at 436 (emphasis and alterations in original)
(quoting 28 U.S.C. § 1915(e)(2)(B)(I), (e)(2)(B)(iii)).  Therefore, a dismissal of
an appeal on one of the enumerated grounds counts as a PLRA strike, while an
affirmance of a district court's dismissal does not, even if the underlying
dismissal itself counts as a strike

Ball v. Famiglio, 726 F.3d at 464.

Finally, the dismissal of a case without prejudice may nonetheless qualify as a strike under §1915(g), provided that the other requirements of the statute are met and the action is dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim." Childs v. Miller, 713 F.3d 1262, 1266 (10th Cir. 2013); Smith v. Veterans Admin., 636 F.3d 1306, 1313 (10th Cir. 2011); Day v. Maynard, 200 F.3d 665, 667 (10th Cir.1999) (*per curiam*). However, a dismissal for failure to prosecute, standing alone, may not qualify as a strike under §1915(g), unless there is also a finding of frivolousness. Butler v. Dep't of Justice, 492 F.3d 440, 441 (D.C. Cir. 2007), holding modified by Mitchell v. Fed. Bureau of Prisons, 587 F.3d 415 (D.C. Cir. 2009).

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute. But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing. The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."

Abdul-Akbar v. McKelvie, 239 F.3d at 313.

Moreover, in making this assessment of imminent danger:

6

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. *See* Denton, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.

Brown v. City of Philadelphia, 331 F. App'x at 900.

"Instead, '"[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending.'" Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D. Pa. Feb.25, 2011). Therefore, "[t]he 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available [solely] 'for genuine emergencies,' where 'time is pressing' and 'a threat ...is real and proximate.' Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002)." Banks v. Crockett, CIV.A. 1:07–CV–1019, 2007 WL 1655504 (M.D. Pa. June 7, 2007). Kelly v. Bush, 1:12–CV–1245, 2012 WL 4017995 (M.D. Pa. July 2, 2012) *report and recommendation adopted*, 1:12–CV–1245, 2012 WL 4017998 (M.D. Pa. Sept.12, 2012), *appeal dismissed* (Nov. 20, 2012). *See* McClain v. Mosier, 1:13-CV-3011, 2014 WL 2864963 (M.D. Pa. June 24, 2014).

## B. **Application of § 1915(g)'s Three Strike Rule to this Lawsuit**

Applying these legal benchmarks, we find that it is undisputed that Plaintiff has presently incurred three or more strikes. Therefore, Plaintiff is presumptively subject to revocation of his *in forma pauperis* privileges pursuant to §1915(g) by virtue of his lengthy past history of wholly meritless litigation. Given that Plaintiff is presumptively subject to more than three strikes due to the prior dismissal of numerous lawsuits thst he has filed in the past, Plaintiff now "bears the

ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." <u>Andrews</u> <u>v. King</u>, 398 F.3d 1113, 1120 (9th Cir. 2005).

Viewing Plaintiff's allegations most generously, Plaintiff has not met the threshold showing of an imminent danger of serious physical injury at the time he initiated this action in order to avail himself of the "imminent danger" exception to § 1915(g)'s preclusive effect. At most, Plaintiff has alleged dissatisfaction with where in the prison he is housed. While his alleged conditions of confinement may not be ideal or even comfortable, they do not subject Plaintiff to imminent danger of serious physical injury. Thus, he does not meet the exception to § 1915(g).

## III.   <u>CONCLUSION</u>

For the aforementioned reasons, it is respectfully recommended that the Order dated April 7, 2016, which granted Plaintiff's motion for leave to proceed *in forma pauperis*, (ECF No. 7) be vacated. It is further recommended that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) be denied in accordance with 28 U.S.C. § 1915(g), and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.


Dated: April 21, 2016.

Lisa Pupo Lenihan
United States Magistrate Judge


cc:   Alfonso Percy Pew
      BT-7263
      SCI Forest
      P.O. Box 945
      Marienville, PA  16239